CHARLES J. SCHUCK, JUDGE,
concurring.
I agree with Judge Bland’s conclusion that an award should be refused, but base my opinion on grounds different from those set forth in his opinion.
The accident in question took place on April 19, 1944. The testimony shows (record pp. 61-62) that in the latter part of August, 1943, the board of control before accepting the work involving the changes and alterations on the fire escape in question, made by the contractor, had an examination made by an architect, one L. W. Schmidt, of Fairmont, West Virginia, who, after making a complete inspection, reported to the board that the fire escape in question, so far as the installation and changes were concerned, was satisfactory and the work very well done. The board, therefore, had performed its full duty and had the right to rely on the report made by the architect and consequently could not be held liable for an accident that happened subsequently and within eight months after the said investigation and report had been submitted. While it seems rather strange that within the said period of eight months the said fire escape could become so defective as to cause the accident to claimant, this, however, was a condition for which in my judgment the board of control could not be held liable, and which under all the circumstances the board could not antici *118 pate or expect. The board had the right to rely on the architect’s report and having done so was not responsible for claimant’s accident happening within the eight months period after the said investigation.